889 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shari RUDOLPH, Plaintiff-Appellant,
v.
Ralph BLEEMIL; Arnold Johnson; Hill Bleemil; Clifford F.
Haley, Jr., Defendants-Appellees.
 No. 89-5264.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1989.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD F. SUHRHEINRICH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, motion for appointment of counsel, and the briefs of the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed a 42 U.S.C. Sec. 1983 civil rights complaint which alleged that while she was incarcerated and acting as a trustee at the Bullitt County Jail, the guards and other male prisoners made sexually suggestive remarks and touched her. She also alleged that her cell doors were kept unlocked, she had sex with a male prisoner and became pregnant. In the plaintiff's deposition, she specified in detail the alleged actions of the defendants. She admitted in the deposition that the actions of the defendants amounted to negligence and the only intentional action was that the jailers made her hang up from her telephone calls to allow male prisoners to make telephone calls.
 
 
 4
 Under 42 U.S.C. Sec. 1983, a plaintiff must allege 1) a deprivation of a right secured by the Federal Constitution or laws of the United States, and 2) that the deprivation was caused by a person while acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981); Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Jones v. Duncan, 840 F.2d 359, 361-62 (6th Cir.1988). The plaintiff admits that the alleged actions of the defendants were not intentional but negligent. Negligence is insufficient to state a cause of action under 42 U.S.C. Sec. 1983. Daniels v. Williams, 474 U.S. 327, 332-36 (1986). The one action which plaintiff alleged was intentional, that of making her hang up the telephone, does not rise to the level of a constitutional deprivation.
 
 
 5
 It is ORDERED that the motion for appointment of counsel be denied and the district court's judgment affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation